Pages 1 - 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE CHARLES R. BREYER

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
|        Plaintiff,    ) | |
| ) | |
|  vs.                 ) | No. CR 14-0196 CRB |
| ) | |
| XIU YING LING LIANG         ) | |
| ) | San Francisco, California |
|        Defendant.    ) | Wednesday |
| ) | January 4, 2017 |
| _____) | 10:00 a.m. |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:        BRIAN STRETCH
                      United States Attorney
                      450 Golden Gate Avenue
                      San Francisco, California  94102
                 BY:  **WILLIAM FRENTZEN**
                      **ASSISTANT UNITED STATES ATTORNEY**


For Defendant:        LAW OFFICE OF PETER FITZPATRICK
                      1000 Brannan Street
                      Suite 304
                      San Francisco, California 94103
                 BY:  **PETER A. FITZPATRICK, ESQ.**




Reported By:    Debra L. Pas, CSR 11916, CRR, RMR, RPR
                Official Reporter - US District Court
                Computerized Transcription By Eclipse

**P R O C E E D I N G S**

**JANUARY 4, 2017**                                                  **2:44 p.m.**

(Defendant present, out of custody.)

**THE CLERK:** Calling Criminal Action CR14-0196, USA versus Xiu Ying Liang, also known as Elaine Liang.

Counsel, please state your appearances for the record.

**MR. FRENTZEN:** Good afternoon, your Honor. William Frentzen for the Government.

**MR. FITZPATRICK:** Good afternoon, your Honor. Peter Fitzpatrick on behalf of Ms. Liang.

**THE INTERPRETER:** Good afternoon, your Honor. Mary Lin, the interpreter, state certified interpreter.

**THE COURT:** There is no Plea Agreement in this case, is that correct?

**MR. FRENTZEN:** That's correct, your Honor.

**MR. FITZPATRICK:** That's correct, your Honor.

**THE COURT:** Okay. So have you filled out an application?

**MR. FITZPATRICK:** Yes, I have, your Honor.

**THE COURT:** Okay. Would you pass that forward? Has the client signed it?

**MR. FITZPATRICK:** We have not signed it. It says to sign in open court.

**THE COURT:** Okay. Why don't you sign it?

**MR. FITZPATRICK:** But it has been gone through

```
 1  with the Cantonese interpreter before court this morning and
 2  myself.
 3       (Whereupon document was signed and tendered to the
 4        Court.)
 5           THE COURT:  Okay.  You may administer the oath to
 6  Ms. Liang.
 7       (Whereupon the defendant was placed under oath.)
 8           THE DEFENDANT:  Yes.
 9           THE CLERK:  Thank you.
10           THE COURT:  Okay.  What is your full name?
11           THE DEFENDANT:  Xiu Ling Liang.
12           THE COURT:  When were you born?
13           THE DEFENDANT:  China.
14           THE COURT:  When?
15           THE DEFENDANT:  Canton, China.  June 18, 1962.
16           THE COURT:  How old are you?
17           THE DEFENDANT:  54.
18           THE COURT:  And how far did you go in school?
19           THE DEFENDANT:  Grade five.
20           THE COURT:  Have you been treated recently for any
21  mental illness or addiction too narcotic drugs of any kind?
22           THE DEFENDANT:  No.
23           THE COURT:  Are you currently under the influence of
24  any drug, medication or alcoholic beverage of any kind?
25           THE DEFENDANT:  No.
```

1  **THE COURT:** Have you received a copy of the charges
2  pending against you?
3  **THE DEFENDANT:** Yes.
4  **THE COURT:** Have you had an opportunity to discuss
5  those charges and your case with your lawyer?
6  **THE DEFENDANT:** Yes.
7  **THE COURT:** Are you fully satisfied with the
8  representation given to you in this case by your lawyer?
9  **THE DEFENDANT:** Yes.
10  **THE COURT:** Okay.  There is no Plea Agreement in this
11  case, is that right?
12  **THE DEFENDANT:** Yes.
13  **THE COURT:** Do you understand that the Court is not
14  required to follow any recommendation by the Government or your
15  attorney and that the Court is not required to permit you to
16  withdraw your guilty plea?
17  **THE DEFENDANT:** Yes.
18  **THE COURT:** And the Court may impose a sentence that
19  is more severe than you now anticipate?
20  **THE DEFENDANT:** Yes I know.
21  **THE COURT:** Has anyone attempted in any way to force
22  you to plead guilty or otherwise threatened you?
23  **THE DEFENDANT:** No.
24  **THE COURT:** Has anyone made any promises or
25  assurances of any kind to get you to plead guilty?

Case 3:14-cr-00196-CRB   Document 1802   Filed 05/10/17   Page 5 of 10

5
|     |     |
| --- | --- |
| 1   | **THE DEFENDANT:**  No. |
| 2   | **THE COURT:**  Are you pleading guilty of your own free will because you are guilty? |
| 4   | **THE DEFENDANT:**  Yes. |
| 5   | **THE COURT:**  Are you a citizen of the United States? |
| 6   | **THE DEFENDANT:**  No. |
| 7   | **THE COURT:**  Do you understand that your plea of guilty may affect your ability to remain in the United States, as well as your ability to reenter the United States if you leave the United States? |
| 11  | **THE DEFENDANT:**  Yes. |
| 12  | **THE COURT:**  What are the possible consequences of the plea? |
| 14  | **MR. FRENTZEN:**  Not more than 20 years of imprisonment.  Not more than a $250,000 fine, or twice the value of the property that was laundered, whichever is greater.  Up to three years of supervision.  A $100 special assessment.  And there are also potential consequences related to deportation, as well as restitution and/or forfeiture, which I guess would have to be determined later. |
| 21  | **THE COURT:**  Do you understand these are the possible consequences of your plea? |
| 23  | **THE DEFENDANT:**  Yes. |
| 24  | **THE COURT:**  Is this the only count alleged against the defendant? |

```
 1              THE DEFENDANT:  No.
 2              THE COURT:  Are you pleading guilty of your own free
 3    will because you are guilty?
 4              THE DEFENDANT:  Yes.
 5              THE COURT:  Are you a citizen of the United States?
 6              THE DEFENDANT:  No.
 7              THE COURT:  Do you understand that your plea of
 8    guilty may affect your ability to remain in the United States,
 9    as well as your ability to reenter the United States if you
10    leave the United States?
11              THE DEFENDANT:  Yes.
12              THE COURT:  What are the possible consequences of the
13    plea?
14              MR. FRENTZEN:  Not more than 20 years of
15    imprisonment.  Not more than a $250,000 fine, or twice the
16    value of the property that was laundered, whichever is greater.
17    Up to three years of supervision.  A $100 special assessment.
18    And there are also potential consequences related to
19    deportation, as well as restitution and/or forfeiture, which I
20    guess would have to be determined later.
21              THE COURT:  Do you understand these are the possible
22    consequences of your plea?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Is this the only count alleged against
25    the defendant?
```

**MR. FRENTZEN:** No, your Honor. There are multiple counts of money laundering, as well as a charge of racketeering conspiracy in the second superseding indictment against this particular defendant.

I haven't counted them all, but there are -- there's a large number of money laundering counts lodged against her.

**THE COURT:** Do you understand that?

**THE DEFENDANT:** Yes.

**THE COURT:** And do you understand that while you are pleading guilty to one count and the Court will sentence you on that count, the Government has the right to proceed against you on any of the remaining counts?

**THE DEFENDANT:** Yes.

**THE COURT:** Do you understand that you have the right to plead not guilty to any offense charged against you, to persist in that plea. You would then have the right to a trial by jury.

At trial you would be presumed to be innocent and the Government would have to prove your guilt beyond a reasonable doubt. You would have the right to assistance of counsel for your defense, appointed by the Court if necessary, at trial and every other stage of the proceeding. The right to see and hear all the witnesses and have them cross examined in your defense. The right on your own part to decline to testify, unless you voluntarily elected to do so in your own defense. The right to

```
 1   compel the attendance of witnesses in your defense.
 2       Do you understand that should you decide not to testify or
 3   put on any evidence these facts cannot be used against you?
 4       And do you further understand that by entering a plea of
 5   guilty, if the plea is accepted by the Court, there will be no
 6   trial and you will have given up your right to a trial, as well
 7   as those other rights associated with a trial as I've just
 8   described them.  Do you understand that?
 9            THE DEFENDANT:  Yes.
10            THE COURT:  What are the essential elements of the
11   offense to which the defendant is pleading guilty?
12            MR. FRENTZEN:  Your Honor, the elements are that the
13   defendant or one of the defendant's co-conspirators or aiders
14   and abettors conducted a financial transaction involving
15   property that represented a specified unlawful activity, here
16   narcotics trafficking; that the defendant knew that the
17   property represented -- well, we'll just -- narcotics
18   trafficking proceeds, and that the defendant acted with the
19   intent to promote the carrying on or the concealment of the
20   narcotics trafficking activity.
21            THE COURT:  Now, you've heard the Government recite
22   the essential elements of the offense.  If the case went to
23   trial on this count, do you believe the Government would be
24   able to prove each element of the offense beyond a reasonable
25   doubt?
```

1 **THE DEFENDANT:** Yes.

2 **THE COURT:** Okay. And looking at the Plea Agreement, Page 2 -- excuse me, the application to enter a plea on Page 2, Paragraph 5, Line 12, you state that you participated in the delivery of $76,030 in cash, knowing the property involved in the financial transaction represented the proceeds of some form of unlawful activity. Do you see that?

8 **THE DEFENDANT:** Yes.

9 **THE COURT:** Is that true? Is that what happened?

10 **THE DEFENDANT:** Yes.

11 **THE COURT:** Okay. You may take the plea.

12 **THE CLERK:** Ms. Xiu Ling Liang, also known as Elaine Liang, the Government has filed a second superseding indictment charging you with 18 U.S.C. Section 1956(a)(1)(A)(i) and (a)(1)(B)(i), money laundering, and that's to Count 177. How do you plead to the charge, guilty or not guilty?

17 **THE DEFENDANT:** Guilty.

18 **THE CLERK:** Your Honor, a guilty plea has been entered.

20 **THE COURT:** It is the finding of the Court in this matter the defendant is fully competent and capable of entering an informed plea. The defendant is aware of the nature of the charges, the consequences of the plea. The plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

1    The plea is, therefore, accepted and the defendant is now
2    adjudged guilty of the offense.
3         **MR. FRENTZEN:**  Your Honor, given the remaining
4    charges against this particular defendant, I think we would
5    just ask for a control date to get her on schedule with the
6    other folks who are in a similar posture.  That is, they have
7    pled guilty open to certain counts, but have not resolved their
8    case thoroughly with the Government.
9         **THE COURT:**  What date is that, do you know?
10        **MR. FRENTZEN:**  Your Honor, they may right now be
11   actually sort of in limbo waiting for us to resolve as to
12   everybody else.
13        **THE COURT:**  Pick a day.  Pick a day.
14        **MR. FRENTZEN:**  I believe if we come back on the same
15   date as we were coming back for Mr. Lai and Mr. Chen, that
16   might be good.  I believe that was May 10th.
17        **THE COURT:**  Okay.  That will be the date.  And would
18   you ask your client -- take your client to the Probation
19   Department.
20        **MR. FITZPATRICK:**  Yes, your Honor.
21        **THE COURT:**  Okay.  Thank you very much.
22        **MR. FRENTZEN:**  Thank you, your Honor.
23        **MR. FITZPATRICK:**  Thank you.
24        **THE CLERK:**  Court is adjourned.
25        (Proceedings adjourned.)

**CERTIFICATE OF OFFICIAL REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Saturday, May 6, 2017