**LAW OFFICE OF STEVE WHITWORTH**
Steve Whitworth [SBN: 249111]
2368 Maritime Dr., Suite 160
Elk Grove, CA 95758
[Tel]: 916.668.5970
[Fax]: 916.668.5971
steve@stevewhitworth.com

Attorney for Defendant:
**XIU YING LING LIANG**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>Xiu Ying Ling Liang, a/k/a "Elaine Liang"*,*<br><br>Defendant. | Case No. CR 14-0196-CRB-23<br><br>**DEFENDANT'S REQUEST TO MODIFY SURRENDER DATE – 7 DAY EXTENSION ONLY** : ORDER |

    Pursuant to 18 U.S.C. § 3143, and Federal Rules of Criminal Procedure, Rules 32-1 and 38, Defendant XIU YING LING LIANG, (herein after "Defendant") shall and hereby does request that the Court Modify Defendant's Surrender Date and extend it by just 7 days to June 11, 2018. This motion will be based on this motion, the following Memorandum in Support, the concurrently filed declaration of Steve Whitworth, the Court's records and files in this matter, and any such further evidence, oral or documentary, as may be presented at the hearing on this matter.

    Dated: June 1, 2018

                                    */S/ Steve Whitworth*
                                    STEVE WHITWORTH
                                    Attorney for Defendant
                                    Xiu Ying Ling Liang

///

///

**MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

At the outset, Defendant wishes to thank the Court for its previous extensions of time of Defendant's turn-in date, and to make abundantly clear that she is not disputing the sentence or her guilt pursuant to the plea agreement. Since the Court's last extension, Defendant has taken all available steps to arrange care for her elderly dependents and, though care is not finalized, Defendant has made significant progress. In order to facilitate the conclusion of this process, Defendant respectfully and urgently requests that the Court stay execution of the sentence for <u>just 7 days</u> to June 11, 2018, to give Defendant time to finalize this care.

Defendant requests a stay of her June 3, 2018, turn-in date because she is the sole caretaker of two adults who are completely unable to care for themselves. It is difficult to find suitable caregivers due to the level of care required and the fact that the two adult dependents only communicate in Cantonese and Mandarin. In fact, dependent Kin Wah Gee cannot speak at all due to his stroke. Therefore, it is much more difficult to locate a qualified caregiver who is able to communicate with these dependents regarding the necessities of life.

Again, Defendant does not dispute the imposition of her sentence and has fully accepted her responsibility and wrongdoing. Further, the Assistant US Attorney have agreed that Defendant was not a risk for either flight of substance abuse.

**II.   STATEMENT OF FACTS**

1. Defendant is the sole caregiver for two dependent adults. Defendant cares for her mother, who is an Alzheimer's suffer, and her ex-brother in law.

2. Defendant's mother, Qi Jian Zhang, suffers from Alzheimer's. Defendant must feed, bathe, assist with restroom care, assist with medication, and make sure her mother does not wander into the streets.

3. Defendant's ex-brother in law, Kin Wah Gee, has suffered multiple strokes and cannot care for himself. Defendant must feed Gee with a feeding tube, bathe, assist with restroom care, assist with medication, and assist with basic walking and movement.

LAW OFFICE OF
**STEVE WHITWORTH**

4. Defendant has been caring for both dependents for several years and knows how to take care of them. It would take several months for defendant to interview, train and evaluate a suitable caretaker to replace her and provide a suitable level of care for these otherwise helpless individuals.

5. Defendant entered a guilty plea in this matter on January 4, 2017.

6. In Defendant's Sentencing Memorandum, Defendant's attorney presented statements concerning Defendant's care of her relatives, but at the sentencing hearing, Defendant's translator refused to convey Defendant's urgent requests for a way to serve her sentence in a way that would let her care for her otherwise helpless dependents.

7. Defendant was sentenced on January 8, 2018, to 36 months of imprisonment followed by 36 months of supervised release, with a turn-in date of March 8, 2016.

8. On March 5, 2018, the Court granted Defendant's request for an extension of turn-in date to April 5, 2018.

9. On May 2, 2018, the Court granted Defendant's request for an extension of turn in date to June 4, 2018.

10. Since that time, Defendant has engaged in significant efforts to obtain care for these individuals but has not been successful.

11. Defendant has posted advertisements in the local Chinese language newspaper, Singtao, and utilized online resources such as Craigslist and other online services.

12. Defendant has made significant progress, but she respectfully and urgently requests an additional 7 days to finalize proper care for these individuals because the level of care required makes it difficult to obtain said care.

13. Again, Defendant does not dispute the imposition of her sentence and has fully accepted her responsibility and wrongdoing.

14. Further, the Assistant US Attorney has agreed that Defendant was not a risk for either flight of substance abuse.

///

///

## III. ARGUMENT

A. <u>Pursuant to FRCrP 32-1 and 38, The Court May Modify The Terms Of Defendant's Sentence To Allow Sufficient Time To Arrange Care for Defendant's Dependents.</u>

Defendant requests that the Court allow defendant enough time to arrange suitable care for her dependents. FRCrP 32-1 provides:

> (a) (6) <u>Release or Detention.</u> The magistrate judge may release or detain the person under 18 U.S.C. §3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person.

In effect, Defendant here asks for the Court to release her to supervised release until she can find suitable care and set a future hearing date at which to confirm that said care has been obtained. Again, Defendant accepts responsibility for the wrongdoing admitted in her guilty plea. Defendant only seeks to prevent additional harm to the community by making sure these two dependent adults have proper care and are not themselves harmed or unnecessarily burden other members of the community. Such a result is wholly consistent with the values codified in the laws of the United States. Moreover, Defendant is not a risk to the community. See, e.g. <u>United States v Price, supra</u>.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's request to extend Defendant's turn-in date by <u>just 7 days</u> to June 11, 2018, so she can obtain suitable care for her adult dependents.

Dated: June 1, 2018

          /S/ Steve Whitworth
          STEVE WHITWORTH
          Attorney for Defendant
          Xiu Ying Ling Liang

DATE: June 4, 2018



GRANTED
Judge Charles R. Breyer
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4
DEFENDANT'S REQUEST TO MODIFY SURRENDER DATE